1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FILED**
CLERK, U.S. DISTRICT COURT

10/28/2015

CENTRAL DISTRICT OF CALIFORNIA
BY:_____GR_____DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

ALFREDO MEJIA,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

Defendant.

Case No.  CV 15-00600-RAO

**MEMORANDUM OPINION AND ORDER**

## I.

## INTRODUCTION

Plaintiff Alfredo Mejia ("Plaintiff") challenges the Commissioner's denial of his application for a period of disability and disability insurance benefits ("DIB") following an administrative law judge's ("ALJ") decision that he was not under a disability, as defined by the Social Security Act.  Administrative Record ("AR") 33. For the reasons stated below, the Commissioner's decision is REVERSED and the action is REMANDED for further proceedings consistent with this Order.

/ / /

/ / /

/ / /

## II.

## PROCEEDINGS BELOW

On April 24, 2012, Plaintiff applied for DIB, alleging disability beginning February 9, 2012 (his alleged onset date ("AOD")).[1]  AR 20.  Plaintiff's claim was denied initially on November 28, 2012, and upon reconsideration on May 20, 2013.  *Id*.  On June 12, 2013, Plaintiff filed a written request for hearing, which took place on November 19, 2013.   *Id*.   Represented by counsel, Plaintiff appeared and testified at the hearing, as did an impartial vocational expert ("VE").  *Id*.  On March 18, 2014, the ALJ found that Plaintiff was not under a disability, as defined in the Social Security Act.[2]  *Id*. at 33-34.  The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review.  *Id*. at 1-9.  Plaintiff filed the instant action in this Court on April 16, 2015.  Dkt. No. 1.

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled.  20 C.F.R. §§ 404.1520, 416.920; *see also Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from his AOD through December 31, 2013, his date last insured.  AR 22.  At **step two**, the ALJ found that Plaintiff has the following severe impairments: status post right shoulder surgery with frozen shoulder; left shoulder impingement; right knee degenerative joint disease; bilateral thigh infections; poorly controlled diabetes mellitus, type I; depression; anxiety; and degenerative disc disease.  *Id*. at 23.  At **step three**, the

---

[1] Plaintiff's AOD was originally October 20, 2008, but his AOD was amended to accommodate a prior unfavorable determination rendered on February 8, 2012 that he was appealing.  AR 20, 84-97.  The ALJ stated that he would "not consider the claimant's alleged disability herein prior to February 8, 2012. … Any evidence discussed prior to February 8, 2012, is for background purposes only."  *Id*. at 20.

[2] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months.  42 U.S.C. § 423(d)(1)(A).

ALJ found that Plaintiff did not have an impairment or combination of impairments "that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id*. (citations omitted).  At **step four**, the ALJ found that, through December 31, 2013, Plaintiff had the residual functional capacity ("RFC") to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) in so much as he could occasionally lift and carry ten pounds, frequently lift and carry ten pounds; stand/walk two out of eight hours; sit for six out of eight hours; postural activities would be all occasional; no climbing of ladders, ropes or scaffolds; occasional reaching over shoulder level with the right and left upper extremities; frequent for all other reaching, pushing, and pulling bilaterally; should avoid concentrated exposure to extreme cold; no work at unprotected heights or dangerous machinery; and is limited to simple tasks with simple work related decisions, and object oriented (i.e. no requirement for reading detailed instructions or detailed forms).

*Id.* at 25.  Given his RFC, Plaintiff was deemed unable to perform his past relevant work.  *Id.* at 32.  At **step five**, however, the ALJ found that there are other jobs that Plaintiff could have performed, and thus found that he was not under a disability, as defined by the Social Security Act.  *Id*. at 32-34.

## III.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  A court must affirm an ALJ's findings of fact if they are supported by substantial evidence, and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).  "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc.*

3

*Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotations omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see also Robbins,* 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)).

## IV.

## DISCUSSION

Plaintiff raises two issues: (1) whether the ALJ erred in giving "great weight" to two State agency psychological consultants' opinions, but then omitting portions of their opinions from Plaintiff's RFC; and (2) whether the ALJ erred in accepting a VE's testimony without inquiring about an alleged conflict between the testimony and the Dictionary of Occupational Titles ("DOT"). Plaintiff's Memorandum in Support of Complaint ("Pl. Memo.") at 5-9; Plaintiff's Reply ("Pl. Reply") at 3-4.

### A. <u>State Agency Psychological Consultants' Opinions</u>

Plaintiff contends that the ALJ erred by not including in his RFC assessment the opinions of State agency psychological consultants Jeanne Buyck, Ph.D. ("Dr.

Buyck"), and P. M. Balson, M.D. ("Dr. Balson"), that Plaintiff could do "simple 1-2 step tasks," and was "moderately limited" in his ability to properly respond to changes in the work setting. *See* Pl. Memo. at 8-9; Pl. Reply at 4; AR 111-12, 130.

### 1. Applicable Law

ALJs are not bound by State Agency consultant findings, but must consider them (and other opinions) "as opinion evidence, except for the ultimate [disability] determination[,]" because such specialists are "highly qualified ... experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i). Unless a treating source opinion is given controlling weight, ALJs must explain the weight given to consultants. 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii); *see also* Social Security Ruling ("SSR") 96–6p, 1996 WL 374180, at *1 (consultants' findings as to the nature and severity of a person's impairments must be considered as expert opinion evidence of non-examining sources, and the weight given to such opinions must be explained). In assessing RFC, an ALJ "must always consider and address medical source opinions." SSR 96–8p, 1996 WL 374184, at *7. If an RFC assessment conflicts with a medical source opinion, the ALJ must explain why the opinion was not adopted. *Id.*; *see also* 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2); Failure to do so constitutes error. *See Cardoza v. Astrue*, 2011 WL 1211469, at *1 (C.D. Cal. Mar. 29, 2011) (holding that it was error for the ALJ to find the opinions of the consultants persuasive, and accord them substantial weight, but exclude from his RFC assessment without providing reasons for doing so).

### 2. Relevant Facts

On November 27, 2012, Dr. Buyck completed a mental RFC assessment for Plaintiff's initial level Disability Determination Explanation. AR 110-12. Relevant to this matter, Dr. Buyck found that Plaintiff "would be able to perform simple 1-2 step tasks, on an ongoing basis[,]" and was "moderately limited" in his "ability to respond appropriately to changes in the work setting." *Id.* at 111-12. Dr. Balson repeated those findings at the reconsideration level on May 15, 2013. *Id.* at 130.

The ALJ gave their opinions great weight, finding that they were "consistent with the claimant's history of situational depression, high GAF scores, and lack of recent mental health treatment." *Id*. at 31-32.  However, as noted above, in his final RFC assessment the ALJ limited Plaintiff to "simple tasks with simple work related decisions, and object oriented (i.e. no requirement for reading detailed instructions or detailed forms)[,]" not simple, one to two step tasks, and included no limitations related to Plaintiff's ability to properly respond to work setting changes.  *Id.* at 25.

### 3.   Task Performance Assessments

Plaintiff contends that the "simple tasks with simple work related decisions" limitation assessed by the ALJ conflicts with Dr.'s Buyck and Balson's "one to two step tasks" assessment, and that the ALJ erred by not stating "any reason, let alone a specific and legitimate reason why that limitation was omitted."  Pl. Reply. at 4.  Specifically, Plaintiff contends that "despite giving full weight to the opinions of the State Agency physician[s], the ALJ did not include the 1-2 step task limitation in the ultimate functional calculus, thus the [RFC] was under inclusive."  *Id.*

Plaintiff's argument centers on the DOT's General Education Development Reasoning Levels which gauge the minimal ability needed to complete a job's tasks and range from Level 1 (simplest) to Level 6 (most complex).  *Rounds v. Comm'r Soc. Sec. Admin.*, 795 F.3d 1177, 1182 (9th Cir. 2015); *Meissl v. Barnhart*, 403 F. Supp. 2d 981, 983 (C.D. Cal. 2005); DOT (4th ed. 1991), App. C, § III.  The ALJ found that Plaintiff could do jobs in two levels: table worker (DOT # 739.687-182, *Level 1*), automatic grinding machine operator (DOT # 690.685-194, *Level 2*), and printed circuit layout taper (DOT # 017.684-101, *Level 2*).  AR 33.  *Level 1* requires an ability to "carry out simple one- to two-step instructions[,]" and to "[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job."  DOT, App. C, § III.  *Level 2* requires an ability to "carry out detailed but uninvolved written or oral instructions[,]" and to "[d]eal with problems involving a few concrete variables in or from standardized situations.  *Id.*

As Plaintiff notes, the Ninth Circuit has recently said that a "one to two step tasks" RFC limitation is "close[ly] similar[] … [to] *Level One* reasoning." *Rounds*, 795 F.3d at 1182-83 (emphasis in original). Thus, it is reasonable to conclude that Dr.'s Buyck and Balson's "simple 1-2 step tasks" limitation suggests that they felt that Plaintiff should be precluded from all but *Level 1* jobs. It *does not* necessarily follow, however, that the ALJ's RFC assessment conflicts with their opinions. To the contrary, the ALJ's final RFC assessment limits Plaintiff to "simple tasks with simple work related decisions, and object oriented (i.e. *no requirement for reading detailed instructions or detailed forms*)." *Id*. at 25 (emphasis added). The detailed instructions limitation conflicts with *Level 2*, which requires an ability to carry out detailed *written* instructions, DOT, App. C, § III, because an ability to *carry out* detailed written instructions implies an ability to *read* detailed instructions, which the ALJ's RFC assessment precludes. Thus, the ALJ's limitation is consistent with *Level 1* reasoning, and does not conflict with Dr.'s Buyck and Balson's opinion.

The Court does find that Plaintiff's RFC precludes performance of the *Level 2* jobs identified by the ALJ, *i.e.*, printed circuit layout taper and automatic grinding machine operator. AR 33; *see also* Pl. Memo. at 8 (noting those jobs require Level 2 reasoning, and arguing that the demands of Level 2 conflict with a one to two step tasks limitation). However, that error is harmless because the ALJ also identified a *Level 1* reasoning job (table worker) which Plaintiff could perform. AR 33; *Stout v. Comm'r of Soc. Sec.,* 454 F.3d 1050, 1055 (9th Cir. 2006) (ALJ errors are harmless when they are inconsequential to a non-disability finding); *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005) (an ALJ's decision will not be reversed for harmless error); *Curry v. Sullivan,* 925 F.2d 1127, 1131 (9th Cir. 1991) (harmless error rule applies to review of ALJ decisions regarding disability).

### 4.   <u>Work Setting Adaptation Limitation</u>

Plaintiff also argues that because "[b]oth [Dr. Buyck and Dr. Balson] found [him] moderately limited in his ability to respond appropriately to changes in the

work setting[,] … [t]he ALJ's functional calculus is under inclusive because it does not capture *any* adaptation limitation." *See* Pl. Memo. at 8 (emphasis in original). The ALJ accorded "great weight" to Dr.'s Buyck and Balson's opinions, but did not include in his RFC assessment their opinion that Plaintiff is moderately limited in his ability to properly respond to changes in the work setting—an implicit rejection of that opinion without providing a reason for doing so. This constitutes error. *See Cardoza*, 2011 WL 1211469, at *1. However, the Court finds that this error is also harmless. As noted above, *Level 1* reasoning jobs, such as the "table worker" job identified by the VE and noted in the ALJ's decision, only deal with "standardized situations with *occasional or no variables in or from these situations* encountered on the job." DOT, App. C, § III (emphasis added). The ALJ's failure to include or reject the adaptation limitation was harmless because Plaintiff is only "moderately," not entirely, limited in his ability to properly respond to work setting changes, and would, at most, encounter "occasional" variables from standardized job situations.

**B.** **Conflict Between VE Testimony and DOT**

Plaintiff also argues that the ALJ's step five determination was not supported by substantial evidence because his RFC assessment limited Plaintiff to "occasional reaching over shoulder level[,]" the jobs identified require "frequent" reaching, and the ALJ failed to "obtain[] a reasonable explanation regarding the [VE's] deviation from the DOT." *See* Pl. Memo. at 6-7. The Court agrees.

At the administrative hearing, the ALJ presented the VE with a hypothetical individual sharing the same RFC as Plaintiff:

> Q        Now Ms. Matildy, I'm going to give you a couple of hypotheticals here. Number one, I want you to assume a hypothetical individual with the claimant's education, training, and work experience who is limited to, under hypothetical number one, occasionally lift and carry 10 pounds, frequently lift and carry 10, stand and walk with normal breaks for a total of two of an eight hour day, sit with normal breaks for a total of six of an eight hour day, posture limitations are occasional, no climbing ladders, ropes,

and scaffolds, now occasional for right left extremity -- upper extremity reaching over shoulder level, and frequent for all other reaching, pushing, and pulling bilaterally with the upper extremities, avoid concentrated exposure to extreme cold, no work at unprotected heights or dangerous machinery, we're going to limit that individual to simple tasks with simple work-related decisions, object-oriented and object-oriented so that there's no requirement for reading detailed instructions or filling out detailed forms.   So that would be hypothetical one.   Were you able to follow that?

A        Yes.

Q        Okay.   So based upon hypothetical one, would the claimant be able to perform past work?

A        He could not perform the past work.

Q        Okay.   Are there any occupations an individual with the given profile residual function of capacity could perform?

A        Unskilled sedentary work as a table worker, which is visual inspection, DOT 739.687-182, sedentary, unskilled SVP 2.   Nationally approximately 82,000 of these positions exist and did you want local?

Q        No, that's okay.

A        Okay.   Also at the sedentary unskilled level would be work as a printed circuit layout taper, DOT 017.684-010.   It is sedentary, unskilled, SVP 2.   Nationally approximately 12,000 of these positions exist.

Q        Okay.

A        The --

Q        Oh, go ahead.

A        Oh.   There would be work as an automatic grinding machine operator, DOT 690.685-194.   It is sedentary, unskilled, SVP 2.   Nationally approximately 33,000 of these positions exist.

…

ALJ:     Okay.   Now Ms. Matildy, except as noted, has your testimony been consistent with the [DOT] and its companion publications?

VE:     Yes, it has.

AR 74-76.

In his decision, the ALJ stated that "[p]ursuant to SSR-00-4p, … the [VE]'s testimony is consistent with the information contained in the [DOT]."   AR 33.   That

statement is incorrect. The hypothetical person presented to the VE, consistent with Plaintiff's RFC, can perform only "occasional reaching over shoulder level with the right and left upper extremities[.]" AR 25. "Reaching," within the meaning of the DOT, is defined as "[e]xtending hand(s) and arm(s) in *any direction*," and therefore includes overhead reaching. *See* Selected Characteristics of Occupations Defined in the DOT, Appendix C (1993) (emphasis added); *Mkhitaryan v. Astrue,* 2010 WL 1752162, at *3 (C.D. Cal. Apr. 27, 2010) ("reaching" in the DOT includes overhead reaching). The jobs identified by the VE all require "frequent" reaching. *See* DOT # 739.687-182; DOT # 017.684-010; DOT # 690.685-194. Thus, the ALJ's finding that the VE's testimony is consistent with the DOT is erroneous. *Rounds,* 795 F.3d at 1183 ("Because the ALJ did not recognize the apparent conflict between Rounds' RFC and the demands of Level Two reasoning, the VE did not address whether the conflict could be resolved. As a result, we 'cannot determine whether substantial evidence supports the ALJ's step-five finding.'") (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1154 (9th Cir. 2007)).

This action is similar to *Winder v. Astrue*, 2013 WL 489611 (C.D. Cal. Feb. 6, 2013). In *Winder*, the hypothetical posed to the VE (and the ALJ's eventual RFC assessment) limited the plaintiff to occasional overhead reaching. *Id.* at *2; *see also* SSR 83–10, 1983 WL 31251, at *5 ("occasional" means very little up to one-third of the time, *i.e.,* "no more than about 2 hours of an 8–hour workday"). In response, the VE testified that the plaintiff could perform jobs that require frequent reaching, and that his testimony was consistent with the DOT. *Winder*, 2013 WL 489611, at *2. On appeal from an administrative non-disability determination, the court noted that it is not clear if the DOT "'requirements include reaching above shoulder level, and this is exactly the sort of inconsistency the ALJ should have resolved with the expert's help.'" *Id.* (citing *Prochaska v. Barnhart,* 454 F.3d 731 (7th Cir. 2006)). "Under these circumstance," the court continued, "the ALJ is required to determine whether a conflict exists and, if so, 'whether the [VE]'s explanation for the conflict

is reasonable and whether a basis exists for relying on the expert rather than the [DOT].'" *Id*. at *3 (quoting *Massachi*, 486 F.3d at 1153 & n.19) (citing SSR 00-4p, 2000 WL 1898704, at *3). Because "[t]he VE did not specifically address whether [the plaintiff's] limitation on overhead reaching would preclude any of the jobs he identified[,]" the court concluded that "the record d[id] not contain any basis for the VE's deviations[,]" and thus, that it could not "determine whether the ALJ properly relied upon his testimony." *Id.* The court therefore remanded the case "so the ALJ [could] conduct the appropriate inquiries." *Id*. (citing *Massachi*, 486 F.3d at 1154).

The Commissioner argues that Plaintiff's counsel failed to point to a conflict when "the ALJ invited him to cross-examine the VE … after the latter testified that his testimony was consistent with the DOT," and thus, under "these circumstances, where there was an ALJ inquiry and unchallenged VE answer, 'the ALJ met his obligations under *Massachi* and SSR 00-4p to investigate potential conflicts with the DOT, and his reliance on the VE testimony was … proper." Memorandum in Support of Defendant's Answer at 6 (citing *Wentz v. Comm'r Soc. Sec. Admin.*, 401 F. App'x 189, 191 (9th Cir. 2010)). However, it is not counsel's burden to identify conflict. Rather, "[t]he Ninth Circuit has cited to SSR 00-4p as 'explicitly requiring that the *ALJ* determine whether the expert's testimony deviates from the [DOT] and whether there is a reasonable explanation for any [such] deviation.'" *Richardson v. Astrue*, 2012 WL 1425130, at *4 (C.D. Cal. Apr. 25, 2012) (emphasis added) (citing *Massachi*, 486 F.3d at 1153). Also, *Wentz* is distinguishable from this case.

In *Wentz*, the court found that the ALJ met his obligations under *Massachi* and SSR 00-4p, noting that "the ALJ asked the VE to identify any *conflict* between her testimony and the DOT, and the VE identified none." *Wentz,* 401 F. App'x at 191 (emphasis added). Here, the ALJ asked the VE if her testimony was *consistent* with the DOT, not whether it conflicted with the DOT. *Cf. Richardson*, 2012 WL 1425130, at *3-4 (noting the ALJ asked the VE whether her opinion was *based on* the DOT, and finding that "the ALJ erred … by not directly asking the VE whether

11

her testimony *conflicted with* the DOT as required" by SSR 00-4p and *Massachi*) (emphasis added). *Wentz* also fails "to address the ALJ's obligations … where, as in this case, there was in fact an apparent conflict between the VE's testimony and the DOT." *Norris v. Colvin*, 2013 WL 5379507, at *3 (C.D. Cal. Sept. 25, 2013). "Indeed, it appears that such an obligation never became an issue in *Wentz* because there was no such conflict." *Id.* (citing *Gonzales v. Astrue*, 2012 WL 2064947, at *3 (E.D. Cal. June 7, 2012) ("The Ninth Circuit's affirmance of *Wentz* appears predicated on the district court's finding that there was no inconsistency or apparent inconsistency between the VE's testimony and the DOT.")).

In light of the apparent conflict between plaintiff's "occasional reaching over shoulder level with the right and left upper extremities" limitation and the DOT's description of jobs requiring reaching in general, the ALJ should have asked the VE if Plaintiff could perform the jobs in spite of his limitations. *See Zamora v. Astrue*, 853 F. Supp. 2d 1048, 1057 (D. Or. 2011) ("Here, the VE testified that the number of electronics production jobs he provided included only sedentary jobs, though the job is classified as light in the DOT. He also testified that, except for the deviations from the DOT that he had indicated, his testimony was consistent with the DOT. The ALJ was entitled to rely on the VE's testimony concerning the numbers of the electronics production jobs in the category he cited existed at the sedentary level."). Because the ALJ adopted the VE's finding without addressing the apparent conflict, and gave no explanation for the deviation, remand is warranted. *Rounds*, 795 F.3d at 1184 ("The ALJ's failure to reconcile this apparent conflict was not harmless"); *see also Zavalin v. Colvin*, 778 F.3d 842, 848 (9th Cir. 2015) (a court cannot affirm an ALJ's decision on grounds not supported by the record).

/ / /

/ / /

/ / /

/ / /

## V.

### CONCLUSION

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.


DATED:  October 28, 2015                    _____
                                            ROZELLA A. OLIVER
                                            UNITED STATES MAGISTRATE JUDGE



### NOTICE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**

13